# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-675V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
PAUL S. HECKLE,                     *       Filed: April 15, 2015
                                    *
         Petitioner,                *
                                    *
                                    *       Decision by Stipulation;
    v.                              *       Attorney's Fees & Costs
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
         Respondent.                *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Elizabeth Muldowney*, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for Petitioner.

*Gordon Shemin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On October 5, 2012, Paul S. Heckle filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] On October 28, 2014, the parties filed a stipulation detailing the amount to be awarded to Petitioner. I found the stipulation to be reasonable and issued a decision granting Petitioner an award as outlined in the stipulation.

The parties filed another stipulation, this time regarding attorney's fees and costs, on April 14, 2015. In it, the parties stipulated that Petitioner's counsel should receive a lump sum of

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C. § 300aa-10 through 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

$57,600.76, in the form of a check payable to Petitioner and Petitioner's counsel. This amount represents a sum to which Respondent does not object. In addition, in compliance with General Order No. 9, Petitioner has represented that he did not personally incur any reimbursable costs in proceeding on this petition.

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of $57,600.76 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Elizabeth M. Muldowney, Esq. This represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.